IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOSE RIOS-MORENO,

    Plaintiff,

  v.                                                                               No. CIV 11-0971 BB/LFG

LEE VAUGHN, WARDEN, CCA,
A. W. RUSSELL,
MARY JAMES, HEALTH SERVICE ADMINISTRATOR,
JUNE KUSHNER, NURSE PRACTITIONER,

    Defendants.

MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's civil rights complaint. Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. Also before the Court is Plaintiff's Motion for Judgment on the Pleadings (Doc. 6). For the reasons below, certain of Plaintiff's claims will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S.

544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Plaintiff is a federal prisoner confined in a privately operated prison in New Mexico. The complaint alleges that Plaintiff has suffered pain from a torn meniscus in his knee for more than seven years. Plaintiff asserts that Defendants James and Kushner have disregarded physicians' recommendations to replace Plaintiff's knee joint and have provided him only a wrap bandage or knee brace. Plaintiff contends that Defendants James and Kushner's actions were taken with deliberate indifference to Plaintiff's medical condition, in violation of a number of constitutional protections. He seeks declaratory and injunctive relief.

Plaintiff also names as Defendants Warden Vaughn and Assistant Warden Russell. The complaint's only allegations against these Defendants is that they supervise Defendants James and Kushner. These allegations against Defendants Vaughn and Russell do not affirmatively link them to the various violations. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). To succeed on a civil rights complaint, Plaintiff must allege some personal involvement by Defendants in the constitutional violation. *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). A civil rights action against an official may not be based solely on a theory of respondeat superior liability for the actions of workers supervised by the official. *See id.* The Court will dismiss Plaintiff's claims against Defendants Vaughn and Russell.

In his motion for judgment on the pleadings, Plaintiff asserts that "[I]t is undisputed that [he] has been denied his Eighth Amendment Right," and that "Respondent has not opposed nor objected to the . . . complaint." Under rule 12(c) of the Federal Rules of Civil Procedure, a party may file a

motion for judgment on the pleadings "after the pleadings are closed." Defendants have not yet answered Plaintiff's complaint, and the motion will be denied.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Judgment on the Pleadings (Doc. 6) is DENIED;

IT IS FURTHER ORDERED that Plaintiff's claims against Defendants Vaughn and Russell are DISMISSED, and these Defendants are DISMISSED as parties to this action;

IT IS FURTHER ORDERED that the Clerk is directed to issue notice and waiver of service forms, with copies of the complaint, for Defendants James and Kushner.

_____
UNITED STATES DISTRICT JUDGE